Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for minor modifications, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. An employment relationship existed between plaintiff-employee and defendant-employer at all relevant times herein.
3. The carrier on the risk was Wausau Insurance Company at all relevant times herein.
4. The parties stipulated that the plaintiff sustained a compensable injury by accident on February 12, 1998, when he fell and sustained injuries to his ribs.
5. The parties stipulated that the plaintiffs average weekly wage was $632. 80, yielding a compensation rate of $422. 08.
6. The parties stipulated that the plaintiff was paid temporary total disability benefits from February 13, 1998 through March 23, 1998.
7. The issue presented is whether defendants are responsible for medical expenses incurred for treatment related to the plaintiffs liver disease and pancreatitis.
***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner with some modifications and finds as follows:
 FINDINGS OF FACT
1. The plaintiff sustained a compensable injury by accident on February 12, 1998, when he fell and sustained injuries to his ribs.
2. On February 17, 1998, the plaintiff presented to the Presbyterian Hospital emergency room where Dr. William G. Cloud, a surgeon, diagnosed the plaintiff with pancreatitis. The plaintiff also suffered from hepatitis.
3. According to Dr. Cloud, the plaintiffs liver abnormalities were clearly related to the plaintiffs excessive alcohol consumption.
4. Dr. Cloud felt that it was more likely that the plaintiffs pancreatitis was caused by trauma rather than alcoholism. However, Dr. Cloud went on to state that there is no way to determine the actual cause because pancreatitis biochemically and by cat scan has some similar features, whether related to trauma, gallstones or some other condition.
5. Dr. Cloud referred the plaintiff to Dr. Preston P. Purdum, III, a gastroenterologist. Dr. Purdum stated that the plaintiffs admittedly compensable fall was "in the realm of possibilities as a cause of initiating the plaintiffs pancreatitis. Dr. Purdum could not "say absolutely that the fall did not initiate (the pancreatitis) or that the alcohol did or that it was not, in fact, a combination of them.
6. The competent medical evidence in the record fails to establish by the greater weight that the plaintiffs admittedly compensable fall of February 12, 1998 caused his pancreatitis.
7. The competent medical evidence does, however, establish that the plaintiffs liver disease was caused by alcohol and not by his admittedly compensable fall on February 12, 1998.
8. The defendants reasonably defended this matter and no award of attorney fees is warranted.
***********
Based upon the findings of fact and conclusions of law, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The plaintiff failed to carry the burden of proof to establish that his compensable fall of February 12, 1998 caused his liver disease and pancreatitis. N.C. GEN. STAT. 97-2(6).
2. Since the plaintiff failed to carry his burden of proof, he is not entitled to have defendants bear the medical expenses incurred for treatment related to his liver disease or pancreatitis.
3. The plaintiff is not entitled to attorney fees as the defendants have reasonably defended this matter. N.C. GEN. STAT. 97-88. 1.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiffs claim is and under the law must be DENIED.
2. Each side shall pay its own costs, except the defendants shall pay expert witness fees of $190.00 to Dr. Purdum and $200.00 to Dr. Cloud.
This the ___ day of April 2000.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
S/_______________ RENÉE C. RIGGSBEE COMMISSIONER
LKM/bjp